UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHEICHK FALL,

                Petitioner,

    -against-

M. KOPP,

                Respondent.

23-CV-9683 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his June 6, 2019 conviction in the New York Supreme Court, New York County.[1] The Court directs Petitioner to file an amended petition within sixty days of the date of this order as detailed below.

---

[1] Petitioner originally filed this petition in the United States District Court for the Eastern District of New York. *See Fall v. Kopp*, No. 1:23-CV-7723 (PK) (E.D.N.Y. Oct. 20, 2023). By order dated October 20, 2023, the Eastern District transferred the action to this court. (ECF 3.) By order dated November 7, 2023, the Court directed Petitioner, within 30 days, to either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Petitioner did not pay the fee or submit an IFP application, and by order dated January 8, 2024, the Court dismissed the petition and entered judgment. (ECF 6, 7.) On January 29, 2024, the Court received from Petitioner a notice of appeal, which was entered on the docket on February 2, 2024. (ECF 8.) On January 31, 2024, the court's Finance Department processed Petitioner's check for the filing fee. By order dated February 2, 2024, the Court construed Petitioner's payment of the filing fee as including a motion for reconsideration of the Court's order of dismissal and civil judgment, granted the motion, and directed the Clerk of Court to vacate the order of dismissal and civil judgment and to reopen the action. (ECF 9.) Because Petitioner's motion for reconsideration was timely, the Court maintained jurisdiction to decide the motion and reopen the action. *See* Fed. R. App. P. 4(a)(4)(B)(i). Plaintiff's appeal of the now-vacated order and judgment is moot, and this Court therefore retains jurisdiction of this action. *See Fort Knox Music Inc. v. Baptiste*, 257 F.3d 110-11 (2d Cir. 2001) (stating that "[a] vacated judgment has no effect," and an appeal from a vacated judgment is moot); *see also Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (per curiam) ("When an appeal becomes moot, [the Court of Appeals] must dismiss it, since [the Court of Appeals has] no jurisdiction over moot controversies.").

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The following information is taken from the petition, and supplemented by the decision of the Supreme Court of the State of New York, Appellate Division, affirming Petitioner's conviction. In a judgment rendered June 6, 2019, in the Supreme Court of the State of New York, New York County, Petitioner pleaded guilty to manslaughter in the first degree and criminal possession of a weapon in the third degree. He was sentenced as a second felony offender to an aggregate term of 20 years' imprisonment. The Appellate Division, First Department, affirmed the conviction, *People v. Fall*, 205 A.D.3d 482 (1st Dep't May 20, 2022), and the Court of Appeals denied petitioner leave to appeal, 38 N.Y.3d 1133 (July 21, 2022). Petitioner did not file a petition for writ of *certiorari* with the United States Supreme Court. Petitioner has left blank

2

the section of the petition form asking him to state his grounds for relief and the facts supporting those grounds. (*See* ECF 1, at 3.) Petitioner states that he delivered the petition to prison authorities to be mailed on September 27, 2023.

## DISCUSSION

### A. Rule 2 of the Rules Governing Section 2254 Cases

A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds, and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

This petition does not conform to the requirements of Rule 2(c). Petitioner fails to specify his grounds for relief and the supporting facts. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern the constitutional basis for the petition.

### B. Leave to Amend Petition

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state court remedies in order to proceed with this Petition.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 requires that a federal *habeas corpus* petition must be filed within one year of the latest of four dates specified. *See* 28 U.S.C. § 2244(d)(1); *see also Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996).

*See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

## CONCLUSION

Petitioner is directed to file an amended petition containing the information specified above. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 15, 2024
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

✎AO 241                                                                                                                               Page 2
(Rev. 10/07)

**AMENDED** _____ Civ. _____ (   )

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement : | Prisoner No.: |
| Petitioner (include the name under which you were convicted)      Respondent (authorized person having custody of petitioner) <br><br> v. | |
| The Attorney General of the State of | |

**PETITION**

1.     (a) Name and location of court that entered the judgment of conviction you are challenging:



         (b) Criminal docket or case number (if you know):

2.     (a) Date of the judgment of conviction (if you know):

         (b) Date of sentencing:

3.     Length of sentence:

4.     In this case, were you convicted on more than one count or of more than one crime?     ❐ Yes     ❐ No

5.     Identify all crimes of which you were convicted and sentenced in this case:



6.     (a) What was your plea? (Check one)

                             ❐    (1)     Not guilty      ❐    (3)     Nolo contendere (no contest)

                             ❐    (2)     Guilty           ❐    (4)     Insanity plea

AO 241 (Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury   ❒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes   ❒ No

8. Did you appeal from the judgment of conviction?

❒ Yes   ❒ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ❒ Yes   ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241 (Rev. 10/07)    Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 5

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

  ❒ Yes  ❒ No

  (7) Result:

  (8) Date of result (if you know):

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court:

  (2) Docket or case number (if you know):

  (3) Date of filing (if you know):

  (4) Nature of the proceeding:

  (5) Grounds raised:

✎AO 241                                                                                                                                                                                  Page 6
(Rev. 10/07)

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

            ❐    Yes      ❐    No

        (7) Result:

        (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

        (1)  First petition:      ❐    Yes      ❐    No

        (2)  Second petition:  ❐    Yes      ❐    No

        (3)  Third petition:    ❐    Yes      ❐    No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:


12.       For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

          <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date</u>.

**GROUND ONE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):




(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)

Page 7

    (c)     **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes     ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

        (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

✎AO 241                                                                        Page 8
(Rev. 10/07)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

       (1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

       (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❐ Yes    ❐ No

       (2) If your answer to Question (d)(1) is "Yes," state:

       Type of motion or petition:

       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):

       Date of the court's decision:

✎AO 241 Page 9
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 10/07)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes  ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

✎AO 241                                                                                                                           Page 14
(Rev. 10/07)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ❐ Yes ❐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ❐ Yes ❐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 10/07)

Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

✎AO 241 (Rev. 10/07)

Page 16

      (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:



or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.